UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**-vs-**                                                      Case No.  21-MJU-30286

**COLE PATRICK CASTELOW,**

    **Defendant.**

_____

### DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the Defendant Cole Patrick Castelow, by and through his undersigned counsel and respectfully files his Sentencing Memorandum to aid this Court in its determination for sentencing to be imposed in this matter, scheduled for April 18, 2023.

It should be noted that Defendant Cole Patrick Castelow by and through by and through defense counsel Thomas W. Jakuc has raised no objection to the Presentence Investigation Report as submitted by the Probation Department.

Of significance is that the Probation Department recognized the executed Rule 11 Plea Agreement whereby the Government proposed that the midpoint of the Sentencing Guidelines be applied in this particular case.  See PSR, Part D Sentencing Options:

> #98. **Guideline Provisions**:  Based upon a total offense level of 22 and a criminal history category of III, the guideline imprisonment range is 51 months to 63 months for Counts 2 and 3.  Count 6 requires a mandatory consecutive sentence of 24 months custody.  This results in an aggregated sentence of 75 to 87 months.

The Government recommended a sentence of not more than mid-point of the guideline range as determined by the Court in Counts 2 and 3. This is be followed by a mandatory consecutive sentence of two years in custody in Count 6.

The mid-point of the guideline range would be 81 months, including the mandatory consecutive sentence of 24 months custody.

The Defendant Cole Patrick Castelow respectfully requests this Court to apply the low end of the guideline range of 75 months or lower, including the mandatory consecutive sentence of 24 months.

Although arguably, a reduction of six months of sentence would not otherwise be unduly significant when considering the basis for the guideline's recommendation by the Government and supported by the Presentence Investigation Report, it does become very significant when you have a loving, concerned and devoted father of a seven year old.

In this regard, reference is made to #72 of the Presentence Investigation Report as follows:

> "The defendant is single and has never been married. He is father to Carson Castelow, a daughter, age seven, born to a relationship with Taylor Jordan. He shares joint custody of his daughter, who resides part time with him in Detroit, Michigan, and with her mother in Oak Park, Michigan. CATELOW advised h is very active in his daughter's life and in the event a custodial sentence is imposed, she will continue to be cared for by Ms. Jordan as well as both of her grandmothers."

Without sounding unduly dramatic or emotional, to a loving father the loss of any time with his seven year old daughter is a punishment factor not considered in the application of the Sentencing Guidelines.

In light of the above, Defendant Cole Patrick Castelow by and through his attorney, Thomas W. Jakuc, would respectfully request that this Honorable Court sentence Defendant to the low end of the guidelines or lower, including aggregate sentencing to 75 months or lower.

THOMAS LEGAL CENTERS, P.C.

BY: s/Thomas W. Jakuc
22811 Greater Mack, Ste. 204
St. Clair Shores, MI  48080
586-573-2694
Thomas.Jakuc@gmail.com
P15426

Dated: April 10, 2023