UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | CRIMINAL NO. 21-cr-20640-02 |
| v. | HON. TERRENCE G. BERG |
| D-2, COLE PATRICK CASTELOW,<br>    Defendant.<br>_____/ | |

### GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES THE UNITED STATES OF AMERICA, by and through its counsel for the Eastern District of Michigan, Southern Division, DAWN N. ISON, United States Attorney, and CARL D. GILMER-HILL, Assistant United States Attorney, and respectfully requests that defendant, COLE PATRICK CASTELOW, be sentenced in accordance with the sentencing guideline analysis and computations set forth in the Presentence Investigation Report (PSR) in this case. In this regard, the government requests that defendant be sentenced near approximately the bottom of his uncontested, properly calculated sentencing range[1] of 51 to 63 months for his convictions on Counts 2 and 3 of the

---

[1] Underlying the probation department's calculations, *as jointly recommended within the plea agreement and set forth within the PSR*, Castelow is being held responsible for more than $140,000.00 in actual losses and more than $390,000.00 in total intended losses. *But c.f.*, *United States v. McKinney*, ___ F. Supp. 3d ___, 2022 WL 17547467 (E.D. Mich., Dec. 9, 2022).

1

Information, followed by a *mandatory consecutive sentence* of 24 months' custody, for a cumulative sentence of 75-months' imprisonment, the <u>bottom</u> of his cumulative USSG calculations.

Alternatively, *if* the Court chooses to grant defendant's request in his recently filed sentencing memorandum for a less-than-[recommended]-guidelines sentence, the government respectfully asks the Court to sentence defendant to no less than a *measured, discretionary cumulative sentence* of approximately **61-months' imprisonment**.

The government also asks the Court sentence defendant to 3 years' supervised release on Counts 2 and 3, and 1 year of supervised release on Count 6. Additionally, the government requests this Court impose a special assessment of $300, as required by statute, and comparably order joint and several restitution in the amount of $141,219.21.

The government bases these requests upon the instant *Sentencing Memorandum*, the Presentence Investigation Report prepared in this case, the court records on file in this case, and any additional evidence, argument and authorities this Court permits to be presented at the sentencing hearing for this matter.

### **ARGUMENT**

During the pendency of this prosecution Defendant Castelow has violated his bond conditions in varying regards on multiple occasions. Although

arguably minor, his last reported violation occurred as recently as March 31, 2023, less than 3 weeks prior to his scheduled sentencing date. In part, Castelow's poor performance on bond mirrors his criminal history relative to this case, which included committing the instant offense while still on probation for three separate prior convictions.

In relation to the instant offense, both Castelow's plea agreement and PSR identify him as an organizer/leader of criminal activity with 5 or more participants. Discovery for the case minimally identifies and names twelve lesser criminal participants, and the investigation has identified more than 800 victims.

Appropriately, Castelow has acknowledged the accuracy of the description of his offense conduct and sentencing guideline computations within his PSR. He nonetheless asks to be sentenced "*to the low end of the guidelines or lower*" in an exercise of the Court's discretion.

To aid the Court in its decision, the government offers the following excerpts from Defendant Castelow's PSR:

- CASTELOW . . . and . . . other . . . individuals . . . participated . . . [in what] CASTELOW called the "Money Play" . . . cash[ing] . . . stolen check[s] and withdraw[ing] the money. PSR ¶ 17.

- This also involved . . . theft of debit/credit cards . . . where the cardholder's identity was assumed. PSR ¶ 17.

- CASTELOW fraudulently opened bank accounts in other people's names using their Personal Identifying information (PII). PSR ¶ 17.

3

- CASTELOW was the leader/organizer of this offense . . . recruiting others to assist in the "Money Play;" . . . instructing others . . . and creating fake or "taking over" accounts and directing where funds went. PSR ¶ 18.

- During the course of the offense . . . CASTELOW recruited [Co-Defendants] Reese, Allen, Frazier and numerous other individuals. PSR ¶ 19.

- Further, he taught co-conspirators. PSR ¶ 19.

- [During] a federal search . . . at CASTELOW'S residence . . . agents located numerous . . . checks . . . and credit cards . . . which belonged to other individuals . . . [and] United States Passports, including those of children . . . . CASTELOW arrived . . . [and] search of his person revealed him to be in possession of four credit cards, all in the names of different individuals. Upon inquiry . . . he informed agents he had found them . . . . [Later] he admitted that he had been stealing mail for approximately one year . . . . CASTELOW'S . . . phone contained victim PII and numerous images of mail. PSR ¶ 23.

- In total, 817 victims were identified in this case. PSR ¶ 24.

- [*During the same timeframe that CASTELOW was stealing mail from residences and committing the instant offenses*] . . . Police initiated a traffic stop of a vehicle being driven by CASTELOW . . . [and] observed CASTELOW placing a Glock handgun into a void to the lower left of the steering wheel . . . the firearm was stolen. PSR ¶ 51.

In the present case, Castelow was the organizer/leader of a sizable group that intended to (and did) inflict monetary loss, harm, and duress on an extremely large number of victims spread across multiple cities and residential communities. Based on those facts, under the USSG Castelow's criminal offense

4

level (once adjusted based upon loss, number of victims, role, and acceptance of responsibility) is a Total Offense Level of 22.[2] Castelow's criminal history places him in category III, and his uncontested applicable sentencing guideline range on Counts 2 and 3 is 51 to 63 months' imprisonment. Equally uncontested, Count 6 requires a mandatorily consecutive sentence of 24 months' custody.

Accordingly, consistent with the analysis and computations of Castelow's PSR and, perhaps most importantly, the defendant-specific facts of this case, the government respectfully asks the Court sentence Castelow to a cumulative term of imprisonment within the range of 61 to 75 months; 3 years' supervised release on Counts 2 and 3, and 1 year of supervised release on Count 6; a special assessment of $300; and joint and several restitution in the amount of $141,219.21.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/ *Carl D. Gilmer-Hill*
CARL D. GILMER-HILL
Assistant U.S. Attorney

Date: April 16, 2023

---

[2] Though also arguably applicable, neither the parties' recommendations nor the probation department's calculations increase Castelow's offense levels further (+2) for being an "offense involv[ing] . . . the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." *See*, USSG 2B1.1(b)(11)(C)(i).