UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **COLE PATRICK CASTELOW**, <br><br> Defendant. | 2:21-CR-20640(2)-TGB-JJCG <br><br><br> **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 85)** |

Before the Court is Defendant Cole Patrick Castelow's Emergency Motion for Compassionate Modification of Sentence, ECF No. 85, PageID.799. Mr. Castelow is currently in state custody and being held in a state facility for violating probation terms set by the Oakland County Circuit Court related to matters wholly unrelated to this case. *Id.* Mr. Castelow seeks leave to be released temporarily so he may attend his mother's funeral on August 29, 2023. *Id.* He also appears to be requesting that the Court postpone his surrender to the federal Bureau of Prisons ("BOP") until August 30, 2023.

Were Mr. Castelow not already subject to state detention, he would have been required to surrender to the BOP by July 15, 2023. *Id.* Castelow has not alleged that his state confinement is to conclude prior to August 31, 2023, consequently an extension of Mr. Castelow's reporting date until August 31, 3023 would serve no purpose.

1

Accordingly, Mr. Castelow is not relieved of his obligation to report to the BOP and he is to do so immediately upon completion of his state detention.

As to whether Mr. Castlow may be released from state custody, the Court has no authority to grant such a request. The Court's ability to modify a sentence after it has been imposed is severely limited. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), which Mr. Castelow cites as the basis for his modification request, provides one such avenue of authority. *Id.*

Under § 3582(c)(1)(A), the Court may *reduce* a defendant's sentence if, "after considering the factors set forth in section 3553(a)," it finds that "extraordinary and compelling reasons" warrant a reduction and that reduction would be "consistent with the applicable policy statements by the Sentencing Commission." Yet the compassionate release statute only allows for reduction in a defendant's sentence, which would result in the prisoner's permanent, rather than temporary, release from custody. See *United States v. Roberts*, 612 F.Supp.3d 351 (S.D.N.Y. Apr. 8, 2020).

Moreover, Mr. Castelow has neither commenced the federal sentence imposed by the Court in this case, ECF No. 78, PageID. 678, nor has he been remanded to the custody of the federal Bureau of Prisons, the United States Marshals Service, or any other federal entity. ECF No. 71, PageID.628. The Court, therefore, lacks jurisdiction to consider

Defendant's request. Any relief here, temporary or otherwise, must come from the state court. While the Court sympathizes with Mr. Castelow and offers its condolences for the loss of his mother, the Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**.

To the extent Defendant is requesting an extension of time on his reporting date to federal prison, that request is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 29, 2023     s/Terrence G. Berg
       TERRENCE G. BERG
       UNITED STATES DISTRICT JUDGE